UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOYCE OTT, )
 )
      Plaintiff, )
 )
v. ) 3:09-CV-166
 ) (PHILLIPS/SHIRLEY)
 )
MICHAEL J ASTRUE, )
Commissioner of Social Security, )
 )
      Defendant. )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff Joyce Ott's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 25]. The Plaintiff requests the Court enter an Order awarding attorney fees in the amount of $2,128.00,[1] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1).

The Commissioner has responded in opposition to the Plaintiff's request for fees under the EAJA. [Doc. 30]. The Commissioner disputes only one of the four prerequisites to awarding attorneys' fees under the EAJA. The Commissioner specifically concedes that the Plaintiff was the prevailing party in this matter and that the EAJA motion is timely. [Doc. 30 at 2]. The

---

[1] Representing 12.2 hours of attorney services, billed at a rate of $165.00 per hour, and 2.5 hours of paralegal services, billed at $46.00 per hour. [Doc. 25-2 at 3-5]. This rate accords with the Court's prior decisions regarding hourly rates awarded under the EAJA. See London v. Halter, 203 F. Supp. 2d 367, 374 (E.D. Tenn. 2001); Cook v. Barnhart, 246 F. Supp.2d 908, 910 (E.D. Tenn. 2003).

Commissioner takes no position regarding special circumstances that would make an award of the fees requested unjust. Instead, the Commissioner maintains that the Court should not award EAJA fees to the Plaintiff because the Government's position in this case was substantially justified.

I.  BACKGROUND

This case was filed on May 19, 2009. Both parties filed motions for judgment in their favor, and on June 30, 2010, the undersigned issued a Report and Recommendation [Doc. 22], recommending that the District Judge deny the Commissioner's Motion for Summary Judgment and grant the Plaintiff's Motion for Summary Judgment. Neither party filed objections to the Report and Recommendation.

On August 5, 2010, United States District Judge Thomas W. Phillips entered an Order [Doc. 23] adopting the Report and Recommendation, in whole, and ordering that this case be remanded to the Commissioner pursuant to 42 U.S.C. § 1383(c)(3) and sentence four of 42 U.S.C. § 405(g) for a new hearing. A Judgment [Doc. 24] ordering remand was entered the same day.

On November 2, 2010, the Plaintiff filed the instant motion for attorneys' fees pursuant to the EAJA. [Doc. 25]. The Government responded in opposition on November 30, 2010. Accordingly, the Court finds that this issue is ripe for adjudication, and for the reasons more fully stated below, the undersigned finds that the Petition for Attorney Fees under the Equal Access to Justice Act [Doc. 25] is well-taken and **RECOMMENDS** that it be **GRANTED**.

## II. ANALYSIS

Four conditions must be met before an attorney is entitled to EAJA attorney fees:

1. Plaintiff must be a prevailing party;

2. The Commissioner's position must be without substantial justification;

3. No special circumstances warranting denial of fees may exist;

4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

*A.   Prevailing Party*

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The Commissioner has conceded that the Plaintiff is the prevailing party. Thus, the Court finds that the the Plaintiff is the prevailing party, and the Court finds that the first prerequisite for granting fees under the EAJA has been met.

*B.   Substantial Justification*

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). "Under the EAJA, a prevailing party must allege the government's position was 'not substantially justified.'" United States v. True, 250 F.3d 410, 419, n. 7 (6th Cir. 2001) (quoting 28 U.S.C. § 2412(d)(1)(B)). "However, under the EAJA it is the government's burden to prove that its position was substantially justified." True, 250 at 419, n. 7

(citing Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir.1991); United States v. 5,507.38 Acres of Land, 832 F.2d 882, 883 (5th Cir.1987)).

The Plaintiff argues that the Commissioner was not substantially justified in his position. The Plaintiff notes that she presented five issues in this appeal, and the Court found in the Plaintiff's favor on all four of the arguments considered by the Court.[2] [See Doc. 25-1 at 1].

The Commissioner maintains that he was substantially justified in disputing each of the five issues raised by the Plaintiff in her appeal. [Doc. 30 at 3-5]. The Commissioner contends that he had at least a reasonable basis in law and fact for his positions in regard to: the ALJ's failure to discuss the testimony of the vocational expert, the ALJ's decision to discount the Plaintiff's credibility without discussion, the ALJ's failure to consider certain medical opinions in the record, and the ALJ's failure to explain the weight and consideration she afforded the Plaintiff's global assessment of functioning ("GAF") scores.

The Court has reviewed the record, including the Report and Recommendation issued in this case, and the Court finds that the Commissioner has not demonstrated that his position was justified, both in fact and in law, to a degree that could satisfy a reasonable person. The Court found that the ALJ had committed "plain error" by failing to expressly discuss the vocational evaluation in this case. [Doc. 22 at 10]. Further, the Court found that the ALJ "clearly ran afoul of the requirements of SSR 96-7," in making her credibility determination. [Doc. 22 at 13]. In addition, the Court found that "the ALJ's discussion of Plaintiff's GAF scores was inadequate." [Doc. 22 at 16]. Finally, though the Court did not discuss this point at length because the Court had determined that remand

---

[2]The Court found the Plaintiff's argument regarding her work history did not present an error that would have deprived her of a procedural safeguard, and on this basis, the Court did not weigh this argument in its analysis. [Doc. 22 at 7].

was appropriate, the Court also found that the ALJ should re-weigh the medical opinions in the record. [Doc. 22 at 14].

The Court finds that the Commissioner defended this suit in the face of numerous and obvious errors by the ALJ. Having considered the record as a whole, the Court finds that the Commissioner was not substantially justified in his position.

C. *Special Circumstances*

Turning to the third prerequisite, the Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust. The Commissioner does not direct the Court to any circumstances that would make an award unjust. The Court finds no evidence of circumstances that would make an award unjust in the record, and accordingly, the Court finds the the third prerequisite for granting fees under the EAJA has been met.

D. *Timeliness*

Finally, 28 U.S.C. § 2412 directs, "A party seeking an award of fees and other expenses shall, within **thirty days** of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought . . . ." 28 U.S.C. § 2412(d)(1)(B) (emphasis added).

For purposes of the EAJA, the judgment becomes "final" when it is "not appealable." 28 U.S.C. § 2412(d)(2)(G). A civil case to which a federal officer is a party must be appealed within 60 days after entry of judgment. Fed. R. App. P. 4(a). "Therefore, [a] court's judgment remanding [a] case to the agency becomes final 60 days after it is entered, at which point the 30-day EAJA clock starts ticking." Turner v. Astrue, 2010 WL 3636145 (E.D. Ky. Sept. 14, 2010) (citing Townsend v. Comm'r of Soc. Sec., 415 F.3d 578, 581 (6th Cir.2005)).

The Judgment [Doc. 24] in this case was entered on August 5, 2010. It became unappealable on October 5, 2010. The Plaintiff's petition was filed on November 2, 2010, within 30 days of the judgment becoming final. The Commissioner has conceded "that Plaintiff's EAJA Motion is timely." [Doc. 30 at 2].

Based upon the foregoing, the Court finds that the Plaintiff's petition was timely under 28 U.S.C. § 2412(d)(1)(B), and the Court finds that the Plaintiff has demonstrated the final prerequisite to an award of attorneys' fees under the EAJA.

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[3] that Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act **[Doc. 25]** be **GRANTED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).